IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

DARLENE FLETCHER,            )
administratrix of the        )
estate of Frank Carter,      )
deceased; KWAMIKA FLETCHER,  )
individually; and ROSITA     )
BOYD, individually,          )
                             )
     Plaintiffs,             )
                             )      CIVIL ACTION NO.
     v.                      )      2:13cv156-MHT
                             )          (WO)
COOPER TIRE & RUBBER         )
COMPANY, a foreign           )
corporation; ROBERT          )
SIMMONS d/b/a Simmons Used   )
Cars; and the ESTATE OF      )
TARA DENITA SANDERS,         )
                             )
     Defendants.             )

OPINION AND ORDER

Asserting state-law claims arising out of a one-car

accident, the plaintiffs (administratrix of the estate of

Frank Carter, Kwamika Fletcher, and Rosita Boyd)

initially filed this lawsuit in state court against the

defendants (Cooper Tire & Rubber Company, Robert Simmons

(d/b/a Simmons Used Cars), and the estate of Tara Denita

Sanders).[1]   Carter, Fletcher, Boyd, and Sanders were injured or killed.  Pursuant to 28 U.S.C. § 1441, Cooper Tire removed this lawsuit from state to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332.

This matter is now before the court on the plaintiffs' motion to remand.  For the reasons that follow, the motion will be denied.

## I. REMAND STANDARD

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).  A federal court may hear a case only if it is authorized to do so by federal law.  Kokkonen,

---

1.  While the plaintiffs named the estate of Tara Denita Sanders as a defendant, Sheryl Smith (in her capacity as administratrix of the estate of Tara Denita Sanders) responded with an answer to the complaint and a crossclaim against Cooper Tire.  Because the plaintiffs are the ones who initiated this lawsuit, the court will refer to the defendant as the estate of Tara Denita Sanders, rather than as Sheryl Smith as administratrix of the estate of Tara Denita Sanders.

2

511 U.S. at 377.  The party seeking removal has the burden of establishing it.  Burns, 31 F.3d at 1095.  The removal statute must be strictly construed because it raises significant federalism concerns.  Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).  All doubts about federal-court jurisdiction should be resolved in favor of a remand to state court.  Burns, 31 F.3d at 1095.

## II. BACKGROUND

This case involves a one-car accident in which all persons riding in the car had familial connections. Driving the car was Sanders, who is now deceased.  Her estate has been named as a defendant; she is charged with contributing to the accident through unsafe driving.  The passengers were Sanders's husband, Carter, who is also now deceased, and two nieces, Fletcher and Boyd. Fletcher, Boyd, and the Carter estate administratix are all plaintiffs.  They claim that besides Sanders (whose

estate is named as a defendant), two other parties (both named as defendants too) contributed to the accident: Cooper Tire is charged with manufacturing a defective tire that was a substantial cause of the accident, and Simmons, who sold Carter the car and provided subsequent maintenance, is charged with negligently failing to have discovered the defect in the tire when he should have done so.  The Sanders estate has filed a crossclaim against Cooper Tire that is essentially identical to the plaintiffs' claim that the company manufactured a defective tire.

## III. DISCUSSION

In removing the state-court lawsuit to this federal court pursuant to 28 U.S.C. § 1441, Cooper Tire invoked this court's diversity-of-citizenship jurisdiction under 28 U.S.C. § 1332.  In order for diversity jurisdiction to be proper, there must be complete diversity between the parties, which means that no plaintiff may be a citizen

of the same State as any defendant. <u>Strawbridge v. Curtiss</u>, 7 U.S. 267 (1806). Here, there is not complete diversity. While Cooper Tire is a citizen of Delaware and Ohio, all three of the plaintiffs and two of the defendants (Simmons and the Sanders estate) are all citizens of Alabama.

Cooper Tire contends that Simmons and the Sanders estate, the two Alabama defendants, were fraudulently joined to defeat diversity jurisdiction; that is, the company argues that the plaintiffs do not actually intend to pursue claims against Simmons and the Sanders estate in good faith, but have rather named them as defendants solely for the purpose of defeating complete diversity. <u>See, e.g.</u>, <u>Henderson v. Washington Nat. Ins. Co.</u>, 454 F.3d 1278, 1281 (11th Cir. 2006) (discussing fraudulent joinder). If Simmons and the Sanders estate were fraudulently joined as Cooper Tire alleges, their citizenship is not considered for the purpose of determining diversity jurisdiction. <u>See</u> <u>id</u>.

A removing party who contends that a defendant has been fraudulently joined carries a "heavy" burden of proof. Id. There are three ways a party charging fraudulent joinder may satisfy its burden: (1) by establishing that "there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant"; (2) by establishing "outright fraud in the plaintiff's pleading of jurisdictional facts"; or (3) by establishing that "a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and [that] the claim against the diverse defendant has no real connection to the claim against the non-diverse defendant." Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir. 1998).

In making that determination, the court must examine the plaintiff's pleadings at the time of removal, supplemented by any affidavits, deposition transcripts, and other evidence submitted by the parties. Legg v.

Wyeth, 428 F.3d 1317, 1322-23 (11th Cir. 2005).  The
court must resolve all genuine factual disputes in favor
of the plaintiffs.  Id.  Likewise, if the plausibility of
the plaintiffs' claims depends on disputes of law, the
court must resolve those legal disputes in favor of the
plaintiffs as well.  Crowe v. Coleman, 113 F.3d 1536,
1538 (11th Cir. 1997).


### A. Robert Simmons

First, the court will determine whether "there is [a]
possibility that the plaintiff[s] can prove a cause of
action against" Simmons.  Triggs, 154 F.3d at 1287.  In
this lawsuit, the plaintiffs charge that Simmons, who
sold Carter the car involved in this case and provided
subsequent maintenance, negligently failed to identify
the defect in the tire when he should have done so.
Before the court is evidence that Simmons, as alleged,
sold Carter the car and subsequently provided certain
maintenance.  It has also been shown that, during the

maintenance, he completely omitted examining the tire that is alleged to have been defective. What has not been shown, however, is that, had Simmons examined the tire in question, there would have been some reasonable possibility of his identifying the defect. Under basic principles of negligence law, if the defect in question was not reasonably identifiable, no liability will be imposed on a person who failed to find it. Cf. Tucker v. Wal-Mart Stores, Inc., 89 So. 3d 795, 801 (Ala. 2012) ("[A] customer asserting delinquent inspection on the part of a storekeeper must still prove that the foreign substance was on the floor for a sufficient period of time that an adequate inspection would have discovered it."). Whether the alleged defect in question is one that Simmons should have been expected to find with due care cannot be discerned from the record before this court. In fact, the record contains entirely no evidence about the sort of defect the tire is alleged to have had.

8

In response, the plaintiffs state only that they "have not had an opportunity to depose Mr. Simmons," implying that such a deposition may result in material evidence to support the negligence claim, and, therefore, there is "a possibility of recovery" against him.  Pls.' Reply Br. (Doc. No. 21) at 15-17.  In cases like this, where the plaintiffs argue that they need further discovery, the plaintiffs "must be able to provide some showing that [their] claim against the resident defendant ... is likely to have evidentiary support after a reasonable opportunity for further investigation or discovery."  <u>Sellers v. Foremost Ins. Co.</u>, 924 F. Supp. 1116, 1119 (M.D. Ala. 1996) (Thompson, J.).

Here, the court cannot be blind to the fact that discovery in this case has been ongoing for a full year.[2] Indeed, when Cooper Tire removed the case to this court, the state court had already ordered that discovery

---

2.  The case began in state court in March 2012.  The same day the case began, the plaintiffs began sending discovery requests to Cooper Tire.  Cooper Tire removed the case to this court in March 2013.

conclude in a little over two months.  If there is indeed evidence supporting a claim against Simmons for negligently failing to identify a reasonably discoverable defect, it strains credibility to imagine that the evidence had not been uncovered in a year of discovery but would be in the final remaining two months.  The plaintiffs provide no particulars as to what they think they will uncover and how it will support their claim. While the plaintiffs still make promises that the claim will be supported some time later, those promises are naked ones.  Because the plaintiffs have not adequately shown that the case against Simmons is likely to survive with further opportunity for discovery, there seems to be no reasonable possibility that the claim will have merit and the court must conclude that Simmons has been fraudulently joined.[3]

---

3.  The parties focus their attention in their briefing on whether Simmons had a legal duty to inspect all four tires on the car or whether his duty was more limited to only the single tire Carter had asked him to inspect (which was different from the one the plaintiffs
(continued...)

Additionally, there is another reason to find that Simmons has been fraudulently joined.  Although the plaintiffs' attorneys argue vehemently that there is a potential claim against Simmons, all of the plaintiffs themselves have stated unequivocally that they do not personally believe that Simmons committed any wrongdoing. In her deposition, when asked if she knew anything that Simmons "did wrong in this, leading up to the accident," Boyd answered, "No."  Boyd Dep. (Doc. No. 1-12) at 62:5-10.  At the time of her deposition, she was not even aware that she had sued Simmons.  Id. at 61:12-16.  Asked if she knew "any reasons why [she] would sue Simmons," she said that she did not.  Id. at 62:13-18.  (By contrast, she understood that she had sued Cooper Tire

_____

3(...continued)
now contend was defective).  Resolving that dispute on the merits now would be improper.  See Crowe, 113 F.3d at 1538 ("[T]he jurisdictional inquiry must not subsume substantive determination.") (quotation marks and citation omitted).  Besides, it misses the more important issue: whether, had Simmons examined the tire in question (regardless of whether he had a legal duty to do so), he could have reasonably discovered any defect.

and she clearly articulated her reasons for doing so:
because they sold a "bad tire."  Id. at 63:8-19.)
Similarly, when asked what she thinks Simmons "did
wrong," Fletcher answered, "Nothing."  K. Fletcher Dep.
(Doc. No. 1-13) at 92:17-93:2.  Finally, the
administratrix for Carter's estate was aware that she had
sued Simmons, but she did not know why.  D. Fletcher Dep.
(Doc. No. 1-14) at 39:25-40:7.  The administratrix did
not know of anything Simmons "did wrong."  Id. at 40:8-
16.  She sued Simmons only "[a]t the direction of [her]
attorney."  Id.

These deposition transcripts reflect that the
plaintiffs did not knowingly authorize suit against
Simmons.  Under the Alabama Rules of Professional
Conduct, "A lawyer shall abide by a client's decisions
concerning the objectives of representation ... and shall
consult with the client as to the means by which they are
to be pursued."  Ala. R. Prof. Conduct 1.2(a).  Here, it
is clear that the attorneys did not, at even the most
basic level, consult with their clients as to which

12

claims should be pursued. Of course, the court recognizes that in some instances, a case can be so complex (say, an antitrust case) that a lawyer could not reasonably be expected to ensure his client understands all of the claims being pursued on his behalf and it is entirely reasonable that the client entrust the lawyer with those decisions. But, this is not one of those cases. This case involves a simple car crash and, here, it is obvious that the actual clients themselves had no interest in suing the person who provided car maintenance for them. That is compelling evidence of fraudulent joinder.

Lest there be any doubt that Simmons was fraudulently joined, there is one more key fact in the record: According to Simmons, after this lawsuit was filed, the administratrix for Carter's estate approached him after church, said, "I'm sorry but I'm not really after you, I'm after Cooper Tire," and she then hugged him. Simmons Decl. (Doc. No. 1-16). The plaintiffs do not dispute that this transpired. See Pls.' Reply (Doc. No. 21) at

15-16 (noting Simmons's declaration without challenging its veracity).

It is apparent that Simmons was named as a defendant in this lawsuit solely for the purpose of destroying Cooper Tire's right to have this case litigated in federal court. Simmons will be dismissed.

## B. The Estate of Tara Denita Sanders

The plaintiffs charge decedent Sanders with unsafe driving that contributed to the accident. In support, they have submitted an accident report stating that Sanders "over steered" before she "lost control" of the vehicle. Ala. Unif. Traffic Crash Report (Doc. No. 14-2). Based on that, it is plausible, if there is admissible evidence to support the report's statements, that the plaintiffs may receive a judgment against the estate.

However, assuming a declaration of liability may be obtained, it seems that recovery of monetary compensation, which is what the plaintiffs ostensibly

seek in this lawsuit, is a complete impossibility.  The
administratrix for the Sanders estate testified that the
estate currently has no assets.  <u>See</u> Smith Dep. (Doc. No.
1-15) at 18:1-19:18.  Admittedly, the estate has filed a
crossclaim against Cooper Tire which may have merit, but
even if that claim results in recovery, the funds the
estate receives will pass directly to Sanders's heirs and
will not be recoverable by the plaintiffs.  <u>See</u> <u>Steele v.</u>
<u>Steele</u>, 623 So. 2d 1140, 1141 (Ala. 1993) ("[D]amages
awarded pursuant to [the Alabama Wrongful Death Act] are
distributed according to the statute of distribution and
are not part of the decedent's estate.").  Sanders did
not have any insurance that may pay out claims against
her.[4]  In short, there is nothing in the record indicating

_____

    4.  In their brief, the plaintiffs erroneously stated
that Sanders "has liability insurance."  Pls.' Reply Br.
(Doc. No. 21) at 13 n.8.  The undisputed evidence in the
record actually shows that Sanders was completely
uninsured at the time of the accident.  First Acceptance
Records (Doc. No. 25-3); <u>see also</u> Smith's Initial
Disclosures (Doc. No. 25-2) at 5 (disclosing lack of
insurance).  That the plaintiffs were unaware of that
after a year of discovery is telling.

that the plaintiffs could in any way recover from the
Sanders estate.  The plaintiffs do not argue otherwise,
apparently conceding that doing so is impossible.

Even though it seems impossible for the plaintiffs to
recover the monetary compensation they ostensibly seek
from the Sanders estate in this lawsuit, that may not be
enough to declare the estate fraudulently joined.  <u>See</u>
<u>Myers v. Air Serv Corp.</u>, 2008 WL 149136, at *2 (E.D. Va.
Jan. 9, 2008) (Kelley, J.) ("A defendant's inability to
pay a judgment, without more, does not render his joinder
fraudulent....  [T]he crucial question pertains to the
likelihood of liability, not the likely success of
collection efforts.").  But there is more.

First, as with Simmons, the plaintiffs in this case
all expressed surprise and confusion about the fact that
they had sued the estate of their family member (Carter's
wife and Boyd and Fletcher's aunt).  Boyd testified that
she did not think Sanders "did anything wrong" or "caused
the accident in any way."  Boyd Dep. (Doc. No. 1-12) at
102:6-103:6.  In fact, Boyd thought that there was

16

nothing that Sanders "could have done to prevent the accident." Id. at 30:3-5. Sanders, she said, "tried to prevent the accident as best she could." Id. at 30:14-16. Until Cooper Tire informed her otherwise in the deposition, Boyd did not know that she had sued the Sanders estate. Id. at 28:15-29:3. She could not explain why she had. Id. Fletcher was aware that the Sanders estate was named as a defendant, but she, like Boyd, did not know why, as she thought Sanders drove safely and carefully "[t]o the best of her ability" and did nothing wrong. K. Fletcher Dep. (Doc. No. 1-13) at 46:2-47:3. The administratrix of Carter's estate could also not explain why she had sued the estate. See D. Fletcher Dep. (Doc. No. 1-14) at 81:9-88:21.

These depositions are relevant for several reasons. For one, they reveal, again, that the actual plaintiffs did not knowingly authorize their attorneys to bring the claim against the Sanders estate. For another, here, the depositions constitute actual, affirmative, and, most importantly, first-hand evidence that the claim against

17

the estate has no merit. Two of the three plaintiffs, Boyd and Fletcher, rode in the car that this lawsuit charges was driven recklessly (if this case went to trial, they would surely be the primary witnesses), and, here, they have shown that they believe that no such thing actually occurred. Based on evidence from two witnesses who were not only present at the accident but also have testified against their own interest in seeking recovery, this claim does not have plausible merit. There has not been a reasonable showing that further discovery would provide otherwise.

Second, there is no evidence in the record that the plaintiffs have pursued any discovery against the estate, although they have had a year to do so. During Cooper Tire's deposition of the estate's administratrix, the plaintiffs did not ask a single question even though the prior questioning did not touch upon the ability of the estate to pay a judgment. If the plaintiffs were truly seeking recovery from the estate, it stands to reason

18

that they would have pursued discovery on that topic. The record reveals no indication that they had.

Third, there is a legal dispute in this case that seems to be probative, that is, whether Alabama's so-called "guest statute" (1975 Ala. Code. § 32-1-2) should apply here.  Under that statute, speaking generally, a person offering a ride to another without payment therefor cannot be held liable for injuries the guest incurs in an accident unless a very high legal standard is met.  See, e.g., Coffey v. Moore, 948 So. 2d 544 (Ala. 2006) (discussing the statute).  If the statute applies in this case, it is very unlikely that the estate will be held liable.  (And it would also increase the chance of this court finding that the estate was fraudulently joined, as it would mean that the plaintiffs brought a claim with a very unlikely chance of success.)  On the other hand, if the statute does not apply, ordinary negligence law principles do instead, and there is a far greater possibility that the estate could be declared liable.  (And a corresponding lesser chance of this court

19

finding fraudulent joinder, as the claim would appear more likely to have potential merit.)

It is unnecessary to recount the various legal arguments for whether the guest statute should apply or not, as the answer is besides the point at this stage. See Crowe, 113 F.3d at 1538 ("[T]he jurisdictional inquiry must not subsume substantive determination."). Instead, the point is this: although the argument that the guest statute should apply is at least colorable, the estate, on the contrary, has taken and argued the opposite position, that the guest statute does not apply and the estate should be open to liability. The estate has gone further even, arguing that, under the standing doctrine, Cooper Tire cannot invoke the defense on the estate's behalf when the estate chooses not to. It is not often that a plaintiff and a defendant coalesce to jointly argue for the defendant's exposure to liability. This evidence of collusion between the plaintiffs and the Sanders estate further establishes that the claim between them is, at best, a sham.

Lastly, that the plaintiffs so clearly fraudulently joined the estate's co-defendant Simmons, with one of the plaintiffs essentially telling Simmons as much, reveals that fraudulent joinder is not outside the plaintiffs' counsel's strategy and thus further reinforces the evidence of fraudulent joinder of the Sanders estate.

These circumstances, viewed in the aggregate, compel the conclusion that the Sanders estate was also fraudulently joined. The plaintiffs never intended to actually pursue a claim against the Sanders estate. Here, however, the court will not dismiss the estate from the case. That is because the estate has asserted a crossclaim against Cooper Tire. Rather than dismissal, it is more appropriate here to realign the parties so that the estate is named as a plaintiff and may, like the other plaintiffs, pursue the products defect claim against Cooper Tire. See City of Vestavia Hills v. General Fidelity Ins. Co., 676 F.3d 1310, 1313-14 (11th Cir. 2012) ("[P]arties cannot avoid diversity by their designation of the parties.... [I]t is the duty of the

lower federal courts to look beyond the pleadings and arrange the parties according to their sides in the dispute.") (punctuation, emphasis, and citation omitted).

## IV. CONCLUSION

Although proving fraudulent joinder requires a heavy burden to be satisfied and the court must err on the side of remand, this is the case in which the burden has been met. The record here shows that the claims against Simmons and the Sanders estate are, in basic terms, not 'for real' and that these two defendants have been fraudulently joined. To conclude otherwise in the face of the above-recounted evidence, and in particular that of the plaintiffs themselves (who apparently, unlike their lawyers, have been forthright) would require this court to "suspend reality" and "shelve common sense." Roe v. Michelin North America, Inc., 613 F.3d 1058, 1062 (11th Cir. 2010) (quoting Roe v. Michelin N. Am., Inc., 537 F. Supp. 2d 995, 999 (M.D. Ala. 2009) (Thompson, J.)). Accordingly, this court will retain jurisdiction

under 28 U.S.C. § 1332 over the real dispute in this lawsuit: the claims of the plaintiffs and the Sanders estate, all citizens of Alabama, against Cooper Tire, a citizen of Delaware and Ohio.

***

Accordingly, it is ORDERED as follows:

(1) The motion to remand (Doc. No. 14) filed by plaintiffs administratrix of the estate of Frank Carter, Kwamika Fletcher, and Rosita Boyd is denied.

(2) Defendant Robert Simmons (d/b/a Simmons Used Cars) is dismissed and terminated as a party.

(3) Defendant estate of Tara Denita Sanders is realigned as a plaintiff.

DONE, this the 23rd day of May, 2013.

                   /s/ Myron H. Thompson
              UNITED STATES DISTRICT JUDGE