IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
DARLENE FLETCHER,              )
administratrix of the          )
estate of Frank Carter,        )
deceased; KWAMIKA FLETCHER,    )
individually; ROSITA           )
BOYD, individually; and        )
SHERYL SMITH, administrator    )
of the estate of Tara          )
Denita Sanders,                )
                               )
                               )
     Plaintiffs,               )
                               )   CIVIL ACTION NO.
     v.                        )     2:13cv156-MHT
                               )         (WO)
COOPER TIRE & RUBBER           )
COMPANY, a foreign             )
corporation,                   )
                               )
     Defendant.                )
```

OPINION AND ORDER

Charging defendant Cooper Tire & Rubber Company with manufacturing a defective tire that resulted in a one-car accident, the plaintiffs (administratrix of the estate of Frank Carter, Kwamika Fletcher, and Rosita Boyd) initially filed this lawsuit in state court.[1] Pursuant to

---

1. There is an additional plaintiff in this case,
(continued...)

28 U.S.C. § 1441, Cooper Tire removed this lawsuit from state to federal court, asserting diversity jurisdiction under 28 U.S.C. § 1332.  The case is now before this court on the plaintiffs' motion to amend their complaint to add a defendant.  They seek to add as a defendant King Tire Service, which they now contend negligently installed the wrong-size tire on their car.  According to the plaintiffs, King Tire Service is, like them, a citizen of Alabama, with the result that, if King Tire Service is added, diversity-of-citizenship will be destroyed and the case will be remanded to state court.[2]

---

1(...continued)
Sheryl Smith, administrator of the estate of Tara Denita Sanders.  She, however, has not joined the motion of the other plaintiffs that is currently before the court.

    2.   Whether the plaintiffs are correct is unclear. The plaintiffs refer to King Tire Service as "an Alabama business entity" but do not specify whether it is a corporation, partnership, limited-liability company, or other form of organization.  Pls.' Mot. to Amend (Doc. No. 34) at 2.  The court cannot discern from the current record whether King Tire Service is in fact, as the plaintiffs contend, a citizen of Alabama.

Under 28 U.S.C. § 1447(e), a district court has discretion in deciding whether to permit joinder of a diversity-destroying defendant. This subsection provides:

> "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to State court."

28 U.S.C. § 1447(e).

In determining whether joinder is appropriate under § 1447(e), the court balances the equities involved. Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987), cert. denied, 493 U.S. 851 (1989). "[T]he court should consider the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id.

3

As for the first factor, the extent to which the purpose of the amendment is to defeat federal jurisdiction, the circumstances of this case make it apparent that that is precisely the purpose. When the plaintiffs first filed this case in state court, they named as defendants both Cooper Tire, an out-of-state defendant, and two in-state defendants, thereby attempting to defeat the ability of Cooper Tire to have this case litigated in federal, rather than state, court. See Strawbridge v. Curtiss, 7 U.S. 267 (1806) (under the rule of "complete diversity," no plaintiff may be a citizen of the same State as any defendant). Cooper Tire removed the case to this court anyway, arguing that the plaintiffs had fraudulently joined the two in-state defendants, that is, had sued them for the purpose of defeating diversity jurisdiction and without any serious intent in actually pursuing claims against them. This court agreed, finding that, even though the case had been proceeding for approximately a year and was weeks away

4

from trial, the plaintiffs had essentially no admissible evidence to support claims against the in-state defendants. Additionally, the court took particular notice of the fact that one of the plaintiffs was not even aware that her attorneys had caused her to sue defendants other than Cooper Tire and all three could not explain why they had. The plaintiffs, in short, were surprised and confused that they had sued the in-state defendants. Those circumstances and others made the fraudulent joinder obvious.

Several weeks after this court found the plaintiffs to have fraudulently joined in-state defendants for the purposes of defeating federal jurisdiction, the plaintiffs moved the court to reconsider its opinion and order.[3] A mere two days later, the plaintiffs filed the motion now before the court, to add a new defendant to this case who, apparently by mere happenstance, would

---

3. Today the court is granting the motion to reconsider to the extent that the court vacates the initial opinion and order and issues new ones still embodying substantially the same reasoning.

destroy this court's diversity jurisdiction.  The timing alone is arguably enough to find that the plaintiffs' purpose is to defeat federal jurisdiction, but there is more.

The plaintiffs' attorneys' explanation for their eleventh-hour amendment is not credible.  Their story is as follows: The car accident at issue in this case occurred in November 2011 and this lawsuit was filed in March 2012.  Almost a year later, in February 2013, during Cooper Tire's depositions of the plaintiffs, Cooper Tire's attorney asked questions relating to whether the tires on the car were the proper size for that particular type of vehicle.  Hearing those questions, that was the first time it had occurred to the plaintiffs' attorneys, experienced personal-injury lawyers who often litigate claims involving allegedly defective products, that whether their clients were properly using the tires would be an issue in this case.  Having stumbled unwittingly upon that issue, the

attorneys then set about researching whether the tires were actually the right size for the car, and, upon discovering that they were not, they then moved forthwith to amend the complaint.  The issue of whether the tires were used properly would be obvious to any attorney with passing familiarity with products-defect law, especially experienced counsel like the attorneys litigating this case.  See, e.g., Atkins v. Am. Motors Corp., 335 So. 2d 134, 140 (Ala. 1976) (manufacturer can be held liable for "placing a product on the market which will cause harm when used according to its intended purpose").  The attorneys' story is not believable on its face, and that is true even when disregarding the fraudulent-joinder decision that immediately preceded this motion.

Moreover, there are indications in the record that the plaintiffs anticipated this issue long before they say they did.  For one, in their initial state-court complaint, they named as a fictitious defendant (which Alabama courts allow) "that entity ... which ...

installed ... [the] tire involved." Compl. (Doc. No. 1-1). "That entity" would be the same one the plaintiffs now move to add as a defendant, contending that that entity negligently installed tires of the wrong size. Cooper Tire's answer to the complaint raised the possibility that the plaintiffs "misuse[d] ... the products involved in this case." Answer (Doc. No. 1-9) at 11. These aspects of the record buttress the conclusion that the attorneys' explanation is disingenuous.

The second factor for this court to consider is whether the plaintiffs have been dilatory in asking for amendment. For the reasons that have been explained, they have been. The plaintiffs have shown no credible reason why they could not have asserted this claim in March 2012, over one year ago, when this lawsuit was first filed.

The third factor is whether the plaintiffs will be significantly injured if their desired amendment is not

allowed.  They will not be.  According to the plaintiffs, the statute of limitations has not yet run on the new claim.  Therefore, the plaintiffs still have ample time to file a lawsuit asserting the claim in state court, their desired forum.  The only injury the plaintiffs assert is that litigating the two cases in separate forums concurrently would raise their costs.  That, however, is their own fault.  No other injury has been shown.

The final factor is whether there are any other factors bearing on the equities.  The court finds none.

***

Accordingly, it is ORDERED that the motion to amend (Doc. No. 34) filed by plaintiffs administratrix of the estate of Frank Carter, Kwamika Fletcher, and Rosita Boyd is denied.

DONE, this the 25th day of July, 2013.

                    /s/ Myron H. Thompson
               UNITED STATES DISTRICT JUDGE